UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ULBER MORALES, JULIO OLIVAR, | : | |
| HISAI RAMIREZ, ALEJANDRO | : | |
| RODRIGUEZ, CRISTIAN RAMIREZ, | : | |
| and MISAEL MORALES, | : | |
| | : | |
| Plaintiffs, | : | CIVIL ACTION NO. |
| | : | 3:14-CV-01333 (VLB) |
| v. | : | |
| | : | |
| GOURMET HEAVEN, INC. and | : | |
| CHUNG CHO, | : | June 23, 2014 |
| | : | |
| Defendants. | : | |

### ORDER FOR PREJUDGMENT REMEDY

In September 2014, Plaintiffs Ulber Morales, Julio Olivar, Hisai Ramirez, Alejandro Rodriguez, Cristian Ramirez, and Misael Morales (collectively, "Plaintiffs") sued Defendants Gourmet Heaven, Inc. and Chung Cho (collectively, "Defendants"), alleging, in relevant part, violations of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, *et. seq.*, and the Connecticut Minimum Wage Act ("CMWA"), Conn. Gen. Stat. § 31-58, *et. seq.*, and seeking, in relevant part, liquidated damages.  Plaintiffs now move, pursuant to Federal Rule of Civil Procedure 64, Local Federal Rule of Civil Procedure Rule 4(c), and Connecticut General Statute § 52-278a, *et seq.*, for a prejudgment remedy to attach assets belonging to Defendants in the amount of $175,664.24 and for an order requiring Defendants to disclose assets in the same amount.  This Court held a hearing on June 3, 2015.  For the following reasons, Plaintiffs' motion is GRANTED.

**Facts[1]**

Gourmet Heaven operates two grocery stores in New Haven, Connecticut, which generate over a half a million dollars in business per year.  ECF, doc. 1 (Compl.) at ¶¶ 11-12; ECF, doc. 20 (Answer) at ¶¶ 11-12.   Chung Cho, the President and sole owner of Gourmet Heaven, was present at the New Haven Gourmet Heaven stores almost every day of the year.  ECF, doc. 1 (Compl.) at ¶¶ 16-17, 19; ECF, doc. 20 (Answer) ¶¶ 16-17, 19.   Mr. Cho is personally responsible for managing Gourmet Heaven's finances and conducting its day-to-day affairs, including hiring and firing employees, paying wages, and maintaining records.  ECF, doc. 25-4 (Ex. 3) at ¶ 5; ECF, doc. 25-7 (Ex. 6) at ¶ 9; ECF, doc. 25-8 (Ex. 7) at ¶ 10.

Plaintiffs worked at Gourmet Heaven's 15 Broadway store.  ECF, doc. 1 (Compl.) at ¶¶ 4-9; ECF, doc. 20 (Answer) at ¶¶ 4-9; ECF, doc. 25-5 (Ex. 4) at ¶ 6; ECF doc. 25-8 (Ex. 7) at ¶ 5.  In June 2013, Blair Bertaccini, a wage enforcement agent for the Wage and Workplace Standard Division of the Connecticut Department of Labor, investigated Gourmet Heaven for possible wage and hour violations.  ECF, doc. 25-4 (Ex. 3) at ¶¶ 2-3.  His investigation revealed that, during the period between June 19, 2011 and August 2, 2013, Plaintiffs had been deprived of overtime wages in the amount of $83,688.88.   *Id.* at ¶ 14.   In September 2013, Mr. Bertaccini conducted another investigation after he received complaints that Gourmet Heaven continued to deprive its employees of overtime

---

[1] For the purpose of deciding the prejudgment remedy motion, the Court makes the following findings of fact based on the exhibits offered in advance of, and the arguments offered during, the June 3 hearing. Such findings of fact are not established for any other purpose, including trial or summary judgment.

wages--despite the existence of an open criminal investigation.  *Id.* at ¶ 15; *see* ECF doc. 28 (Def. First Objection).   The second investigation revealed that Plaintiffs were owed an additional $4,143.24 in overtime wages for the time period following August 2, 2013.  ECF, doc. 25-4 (Ex. 3) at ¶15.  The two investigations showed that Plaintiffs were owed $87,832.12, *id.*, and that the total amount owed to Gourmet Heaven employees (including employees who are not Plaintiffs) was $218,000, ECF, doc. 25-5 at (Ex. 4) at 1.

As a result, Mr. Cho agreed to pay the Department of Labor $150,200 to satisfy the $218,000 in overtime wages owed.  ECF, doc. 25-5 (Ex. 4).  Mr. Cho's second installment payment was delayed due to an unexpected closure to Gourmet Heaven's Broadway store in December 2013, but Mr. Cho eventually paid all agreed monies by February 2014.  ECF, doc. 28 (Def. First Objection).  The investigation also lead to criminal charges: Mr. Cho was charged with failure to pay wages, defrauding immigrant laborers, failure to keep records, and failure to pay overtime wages.  ECF, doc. 25-5 (Ex. 4) at 1.  In November 2014, Mr. Cho was granted accelerated rehabilitation on the condition that he would pay "the balance of the monies found to be due to employees according to the Department of Labor investigation."  *Id.* at 4.  As of April 2015, all of that money has been paid.  ECF, doc. 25-4 (Ex. 3) at ¶ 20.

<u>Discussion</u>

A prejudgment attachment of property is available when, in relevant part, "there is probable cause that a judgment in the amount of the prejudgment remedy sought, or in an amount greater than the amount of the prejudgment

remedy sought, taking into account any defenses, counterclaims or set-offs, will be rendered in the matter in favor of the plaintiff."  Conn. Gen. Stat. § 52-278d(a). A court may also "order disclosure at any time prior to final judgment after it has determined that the party filing the motion for disclosure has, pursuant to section 52-278(), . . . probable cause sufficient for the granting of a prejudgment remedy." Conn. Gen. Stat. § 52-278n(c).   "[T]he legal idea of probable cause is a *bona fide* belief in the existence of the facts essential under the law for the action and such as would warrant a man of ordinary caution, prudence and judgment, under the circumstances, in entertaining it."  *Three S. Dev. Co. v. Santore*, 193 Conn. 174, 175 (1984) (quotation marks omitted).   The flexible, common sense standard "does not demand that a belief be correct or more likely true than false."  *Id.* (citation omitted).

Under the FLSA and CMWA, employers must timely pay employees one and one-half times the regular rate for any hours an employee works in excess of forty hours per week.  *See* 29 U.S.C. § 207(a)(1); Conn. Gen. Stat. § 31-76c.  If an employer fails to do so, an employee may be entitled to liquidated damages, i.e., "an *additional* equal amount" of an employee's lost wages, depending on whether the employer acted in good faith.  29 U.S.C. § 216(b) (emphasis added); *see* Conn. Gen. Stat. § 31-68.  Employees may collect liquidated damages under both the FLSA and CMWA.  *See Tapia v. Mateo*, 2015 WL 1542727 at *4 (D. Conn. Mar. 31, 2015).

Despite voicing initial objections, Defendants do not now dispute that Plaintiffs were owed, but did not timely receive, $87,832.12 in overtime wages.

Although Plaintiffs eventually received this money, Defendants do not assert that they paid Plaintiffs liquidated damages.  Rather, the relevant dispute centers on two issues: (1) whether Mr. Chu is not an "employer" under the FLSA and CMWA; and (2) whether Defendants acted in good faith.[2]

Under the FLSA, an employer is "any person acting directly or indirectly in the interest of an employer in relation to an employee."  29 U.S.C. § 203(d).  The Second Circuit has articulated the following four factors, none of which is dispositive, to determine whether or not an individual acts as an employer and therefore can be held personally liable:  "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records."  *Irizarry v. Catsimatidis*, 722 F.3d 99, 105 (2d Cir. 2013) (quotation marks omitted).  The CMWA defines an employer somewhat differently: "an individual who possesses the ultimate authority and control within a corporate employer to set the hours of employment and pay wages and therefore is the specific or exclusive cause of improperly failing to do so."  *Butler v. Hartford Tech., Inst., Inc.,* 243 Conn. 454, 462 (Conn. 1997).  Mr. Cho meets the definition of employer under both the FLSA and CMWA because, as noted above, he is personally responsible for managing Gourmet Heaven's financial affairs and conducting its day-to-day affairs, including hiring and firing employees, paying wages, and maintaining records.

---

[2] The Court has considered Defendants' other objections and finds them to be without merit.

Under the FLSA, an employer is not liable for liquidated damages "if the employer shows to the satisfaction of the court that the act or omission *giving rise to such action* was in good faith and that he had reasonable grounds for believing that his act or omission was not in violation of the [FLSA]." 29 U.S.C. § 260 (emphasis added).  The employer bears the difficult burden of establishing subjective good faith and objective reasonableness.  *See Reich v. S. New England Telecomms. Corp.*, 121 F.3d 58, 70-71 (2d Cir. 1997).  Under the CMWA, "[a]n employee must show evidence of bad faith, arbitrariness, or unreasonableness."  *Morales v. Cancun Charlie's Rest.*, 2010 WL 7865081 at *9 (D. Conn. Nov. 23, 2010).  Here, Defendants have not evidenced subjective good faith or objective reasonableness, and Plaintiffs have provided evidence of bad faith. Defendants continued to violate minimum wage laws while having an open criminal case for the same offenses.  For purposes of assessing the appropriateness of liquidated damages, it is irrelevant whether Defendants eventually made a good faith effort to comply with an agreement with the Connecticut Department of labor or that Mr. Cho met the conditions of his accelerated rehabilitation.

## Conclusion

After considering the parties' filings and a hearing at which the parties appeared and were fully heard, the Court rules that there is probable cause to believe that a judgment in the amount of $175,664.24 will be rendered in the

matter in favor of Plaintiffs.[3]   Accordingly, it is hereby ORDERED that a prejudgment remedy against Defendant Gourmet Heaven, Inc. and Defendant Chung Cho, jointly and severally, be issued to secure the sum of $175,664.12 by requiring Defendants:

1.      To disclose a list of their interests or debts necessary to secure the sum of $175,664.12 and permitting Plaintiffs to attach and garnish those assets for preservation pending the final outcome of this action; OR

2.      To deliver to the Clerk of the Court all assets, wherever located, necessary to secure the sum of $175,664.12 for preservation pending the final outcome of this action; OR

3.      To deliver to the Clerk of the Court a bond necessary to secure the sum of $175,664.12 for preservation pending the final outcome of this action; OR

4.      To perform some combination of options one through three sufficient to preserve the sum of $175,664.12.

IT IS SO ORDERED.

_____/s/_____

Hon. Vanessa L. Bryant
United States District Judge

Dated at Hartford, Connecticut: June 23, 2014

---

[3] **The Court notes that this ruling has no bearing on the ultimate outcome of the case.  *E. J. Hansen Elevator, Inc. v. Stoll*, 167 Conn. 623, 628-29 (1975) ("The adjudication made by the court on the application for a prejudgment remedy is not part of the proceedings ultimately to decide the validity and merits of the plaintiff's cause of action.  It is independent of an collateral thereto.").**